No. 5718.

# PETER COPELAND vs. R. E. BLEAKLEY AND ARTHUR CHAPRON.

## Syllabus.

The depositary cannot withhold the thing deposited for a debt due him by the depositor on an account distinct from the deposit, or by way of offset.

Appeal from the Civil District Court, for the Parish of Orleans, Division "D," No. 99,931. Hon. Porter Parker, Judge.

Walker & Wolff, Chas. Rosen, for plaintiff and appellant.

Woodville & Woodville, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

Plaintiff obtained judgment against defendants for $600, interest and costs; and Woodville & Woodville were made garnishees. They answered the interrogatories acknowledging an indebtedness of $615.50, subject however to an offset of $302.15 for alleged indebtedness by defendants to themselves, leaving a balance in their hands for account of defendants amounting to $313.35.

From a judgment dismissing a rule to traverse the answers of the garnishees, plaintiff appeals.

It is unnecessary to examine into the details of the indebtedness set up as an offset. The evidence shows that the sum of $615.50 which garnishees acknowledge, came into their hands as a special deposit, and not on general account. This is practically conceded.

Under the circumstances garnishees cannot plead in compensation or offset any debts due them by defendants on general account.

The Civil Code expressly provides that ''the depositary cannot withhold the thing deposited on pretense of a debt due him from the depositor, on an account distinct from the deposit, or by way of offset.'' **C. C., 2956.** And the jurisprudence has extended this article so as to make it applicable even to irregular deposits.

**Nolan vs. Shaw, 6 An., 46.**

It is claimed that defendants authorized the garnishees to apply the deposit to the credit of the general account between them; and that more than a year has elapsed since the object of the deposit has ceased, and said application been made, without any complaint on the part of defendants though done with their knowledge.

As to this however the evidence is uncertain, but on the whole it leaves the impression on the mind, that defendants allowed the deposit to continue intact in the hands of the garnishees **primarily** to await the outcome of certain litigation, as a result of which defendants would be called upon to restore, in whole or in part, a certain other deposit of equal amount, in fact the very deposit on which this present suit against them is based.

We therefore think that the garnishees are not entitled to offset against this deposit the amount which may be due them on general account, and in that respect the judgment dismissing the rule to traverse was error.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that plaintiff, Peter Copeland, do have and recover of Woodville & Woodville, garnishees herein, the full sum of six hundred and fifteen 50/100 dollars ($615.50), [or as much thereof as may be necessary to satisfy the judgment against defendants], and that said garnishees do pay the

costs of this appeal and of the rule to traverse herein taken.

Judgment reversed.

Opinion and decree, February 10th, 1913.

Rehearing refused, March 10th, 1913.